IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY ) | |
| ) | |
| ET AL., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Case No. 4:20-cv-00763-FJG |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TEDROS LAKEW, ) | |
| ) | |
| ET AL., ) | |
| ) | |
|     Defendants. ) | |

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, Zurich American Insurance Company ("Zurich"), and Amazon Logistics, Inc. ("Amazon"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1332(a), and Rule 57 of the Federal Rules of Civil Procedure, and for their First Amended Complaint, hereby state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Zurich is an insurance company incorporated, organized, and existing under the laws of the State of New York with its principal place of business in the State of Illinois, and it is therefore a corporate resident and citizen of the State of New York and the State of Illinois.

2.    Amazon is a corporation incorporated, organized, and existing under the laws of the State of Delaware, with its principal place of business in the State of Washington, and it is therefore a corporate resident and citizen of the State of Delaware and the State of Washington.

3.    Defendant Tedros Lakew ("Lakew") is an individual who is a resident and citizen of the State of Texas. Lakew may be served at 4016 Reading Drive, Plano, TX 75093.

4.      Defendant Merob Logistics, LLC ("Merob") is a limited liability company existing under the laws of the State of Texas, with its principal place of business in the State of Texas. Upon information and belief, the members who own Merob are residents and citizens of the State of Texas. Therefore, Merob is a corporate resident and citizen of the State of Texas. Merob may be served at its registered agent Robel Kindane, 9550 Forest Ln. Ste. 343, Dallas, TX 75243.

5.      Defendant Leslie M. Henson is an individual who, upon information and belief, is a resident and citizen of the State of Oklahoma. Upon information and belief, this defendant is also the personal representative of the Estate of Leslie S. Henson, an estate filed in the State of Missouri. This defendant may be served at 11208 N. University Ave., Oklahoma City, OK 73114.

6.      Defendant Patrick Henson is an individual who, upon information and belief, is a resident and citizen of the State of Missouri. This defendant may be served at 916 Park Street, Carrollton, MO 64633.

7.      Defendant Charles Henson is an individual who, upon information and belief, is a resident and citizen of the State of Missouri. This defendant may be served at 295 South 6th Street, Breckenridge, MO 64625.

8.      Defendant American Millennium Insurance Company ("American Millennium") is an insurance company incorporated, organized, and existing under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey. Therefore, American Millennium is a corporate resident and citizen of the State of New Jersey. This defendant may be served at its principal business office at 1011 Route 22, Ste. 102, Bridgewater, NJ 08807.

9.      Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 because Zurich is seeking a determination of its rights and obligations under a policy of insurance under which the Defendants contend there is coverage for a wrongful death claim and lawsuit filed in Missouri for

which all of the Defendants consented to Missouri jurisdiction, and because the conduct of the Defendants which amounted to breaches of the insurance policy and breaches of duties owed to Plaintiffs occurred in Missouri. Jurisdiction is also proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10.     Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) and Local Rule 3.2 because a substantial part of the events or omissions giving rise to this action occurred in Jackson County, Missouri, and because Defendant Patrick Henson resides in Carroll County, Missouri.

## GENERAL ALLEGATIONS

### *The Policy*

11.     Zurich brings this action seeking an interpretation of an insurance policy and a declaration of its rights and obligations thereunder.

12.     Zurich issued to Amazon.com, Inc. as named insured an insurance policy, Policy No. BAP 4678512-06, with effective dates of January 1, 2019 to January 1, 2020 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

13.     Amazon is an insured under the Policy.

14.     Subject to certain terms, provisions, definitions, limitations, and exclusions, the Policy provides commercial general liability insurance with a limit of liability of $10,000,000.

15.     The Policy also contains a provision requiring Amazon to pay a deductible for any payment Zurich makes under the Policy in response to any claim asserted against any insured under the Policy. This provision gives Amazon a material interest in the determination of coverage under the Policy.

16.     The Policy contains the following relevant provisions, among others:

***

## SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

**A.     Loss Conditions**

…

**2.     Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.**     In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)**     How, when and where the "accident" or "loss" occurred;

**(2)**     The "insured's" name and address; and

**(3)**     To the extent possible, the names and addresses of any injured persons and witnesses.

**b.**     Additionally, you and any other involved "insured" must:

**(1)**     Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)**     Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)**     Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)**     Authorize us to obtain medical records or other pertinent information.

***

*The accident*

17.     On December 6, 2019, Lakew was driving a tractor-trailer unit along Interstate 35 in Chase County, Kansas.

18.     Lakew was using a tractor owned or leased by his employer, Merob, to haul a trailer owned by Amazon Logistics, Inc.

19.     Lakew, on behalf of Merob, was hauling the Amazon trailer pursuant to a transportation agreement between Amazon and Merob known as the Amazon Relay Carrier Terms of Service and Amazon Relay Program Policies ("Relay Carrier Terms"). A copy of the Relay Carrier Terms is attached hereto as Exhibit B.

20.     Pursuant to the Relay Carrier Terms, Merob is required to indemnify and hold harmless Amazon from any third-party claim, liability, loss, damage, cost, or expense incurred by Amazon arising from or relating to the death of any person due to an act or omission of Merob or its personnel, or by any negligence or willful misconduct by Merob or its personnel.

21.     The Relay Carrier Terms also prohibit Merob from consenting to the entry of a judgment or settle any claim without Amazon's prior written consent.

22.     The Relay Carrier Terms also require Merob to maintain business auto liability coverage that extends coverage to Amazon as an additional insured.

23.     On December 6, 2019, Merob was insured under a business auto policy issued by American Millennium.

24.     Upon information and belief, Amazon is an additional insured under Merob's American Millennium policy.

25.     At some point during the late night of December 6, 2019, Lakew was involved in a collision with a vehicle driven by Leslie S. Henson ("Decedent").

26.     Neither Lakew nor Merob notified Zurich of the accident involving Decedent.

### *The Defendants' collusive and concealing conduct*

27.     At some point prior to April 1, 2020, Defendants Leslie M. Henson, Patrick Henson, and Charles Henson (collectively, the "Hensons") asserted a claim for the death of Decedent against Lakew and Merob.

28.     Neither Lakew nor Merob nor American Millennium notified Zurich or Amazon of the Hensons' wrongful death claim.

29.     The Hensons were represented by attorneys Tim Dollar and JJ Burns of the Dollar Law Firm.

30.     The Dollar Law Firm handled a wrongful death claim in Spring 2020 which involved Zurich and Amazon; as a result of that litigation, the Dollar Law Firm became familiar with the insurance policies maintained by Amazon, as well as the agreements Amazon maintains with its contract carriers.

31.     Upon information and belief, at some point prior to April 2020, the Defendants colluded with one another and a proposed non-execution agreement which was crafted in Missouri with the intention to conceal the accident and claim from Zurich and Amazon and prejudice Zurich and Amazon in their ability to contest issues concerning liability and damages arising out of the accident.

32.     Neither Lakew nor Merob nor American Millennium notified Zurich or Amazon of the proposed non-execution agreement.

33.     Instead, defense counsel for Lakew and Merob, who had been hired as agents of American Millennium and were acting in the course and scope of that agency, participated in the non-execution agreement with the understanding that the agreement among defendants would be concealed and the accident and wrongful death claim would be concealed from Zurich and Amazon and prejudice Zurich and Amazon in their ability to contest issues concerning liability and damages arising out of the accident and wrongful death claims.

34.     On or about April 28, 2020, Lakew and Merob, with the knowledge, consent, and agreement of American Millennium, entered into a non-execution agreement with the Hensons. A copy of the non-execution agreement is attached hereto as Exhibit C.

35.     Among the terms of the non-execution agreement were that the Hensons would file a wrongful death action against Lakew and Merob in the Circuit Court of Jackson County, Missouri, and that Lakew and Merob would not challenge jurisdiction or venue of Missouri.

36.     Neither Lakew nor Merob nor American Millennium notified Zurich or Amazon of the non-execution agreement nor the fact that a lawsuit was to be filed or was filed.

37.     On April 13, 2020, the Hensons filed suit against Lakew and Merob in the Circuit Court of Jackson County, Missouri, Case No. 2016-CV10652. A copy of the petition is attached hereto as Exhibit D.

38.     Pursuant to the non-execution agreement, the attorney representing Lakew and Merob accepted service of the lawsuit and despite the fact that it was known by the defendants that Amazon and Zurich had an interest in the lawsuit said lawsuit was concealed from Plaintiffs and Plaintiffs were not notified of the lawsuit.

39.     Neither Lakew nor Merob nor American Millennium ever notified Zurich or Amazon of the lawsuit before any hearing was held by the court approving the agreements that had been entered into by the defendants.

40.     On May 13, 2020, Lakew and Merob, though the defense attorneys hired and controlled by American Millennium, filed an answer to the wrongful death petition, wherein they specifically did not raise defenses to jurisdiction and venue in Missouri. A copy of the answer is attached hereto as Exhibit E.

41.     Neither Lakew nor Merob nor American Millennium ever notified Zurich or Amazon that they had entered an answer in the wrongful death action.

42.     On May 19, 2020, the Hensons, Lakew, and Merob, with the participation of the defense attorneys hired by American Millennium, filed in Missouri a joint motion to approve a wrongful death settlement and distribution, which consisted of a request that the court approve the non-execution agreement. A copy of the motion is attached hereto as Exhibit F, and its terms are fully incorporated by reference as if fully set forth herein.

43.     Neither Lakew nor Merob nor American Millennium ever notified Zurich or Amazon of this motion.

44.     The trial court in Jackson County, Missouri, entered an order approving the non-execution agreement on May 28, 2020. A copy of the order is attached hereto as Exhibit G.

45.     Neither Lakew nor Merob nor American Millennium ever notified Zurich or Amazon of this order.

46.     American Millennium knew or should have known that there was coverage for Lakew and Merob under Amazon's insurance policy, yet, in perpetration of the agreement to conceal all of this activity from Plaintiffs, American Millennium and its defense attorneys failed to notify Plaintiffs, or any other insurer of the claim, lawsuit, or agreement. In failing to do so, American Millennium unfairly prejudiced the rights of Amazon, and Zurich, as well as its own insureds/clients Lakew and Merob.

47.     Around this time, Lakew and Merob came to be represented by attorney Rick Holtsclaw as their personal counsel and the appointed counsel by defendant American Millennium withdrew.

48.     Upon information and belief, the law firm representing the class plaintiffs arranged for Rick Holtsclaw to become personal counsel for Lakew and Merob to effectuate the plan to conceal the claim, lawsuit, and settlement agreement from Zurich and Amazon and prejudice Zurich and Amazon in their ability to contest issues concerning jurisdiction, venue, liability and damages arising out of the accident.

49.     The firm representing the class plaintiffs instructed Rick Holtsclaw to send a tender letter to Zurich which contained vague and indefinite information as well as other insurance companies and agencies known by the firm to insure Amazon and  specifically instructed Rick

Holtsclaw to tender defense and indemnity of Merob and Lakew but without mentioning or referencing Amazon, a Zurich insured, a Zurich policy number, the lawsuit, the non-execution, or any information that would allow an insurer to determine under what insurance policy the claim was being made. See Exhibit H for a copy of said letter that was generated as a result.

50.     Despite the collusive nature of the request, Rick Holtsclaw obliged and sent Exhibit H.

51.     In Exhibit H dated June 23, 2020, Mr. Holtsclaw, counsel for Lakew and Merob finally advised Zurich that they had been involved in an accident. However, the letter failed to disclose the existence of the lawsuit or any of the agreements between the parties, it failed to disclose the fact that an Amazon trailer was involved in the accident, and it failed to disclose the basis for coverage under any insurance policy issued by Zurich.

52.     Pursuant to the non-execution agreement, defense counsel for Lakew and Merob, hired by American Millennium, withdrew from the wrongful death action.

53.     The Jackson County trial court granted the attorney's motion to withdraw, though, the judge noted that the motion was "reluctantly" granted. See Exhibit I.

54.     At some point in time prior to August 28, 2020, Lakew and Merob entered into an agreement to arbitrate the wrongful death action in Missouri.

55.     Neither Lakew nor Merob ever provided Zurich or Amazon a copy of the arbitration agreement.

56.     Counsel for Lakew and Merob did not advise Zurich of the arbitration agreement until a letter dated August 28, 2020, which was received by Zurich on August 31, 2020. Counsel for Lakew and Merob further advised that the arbitration would take place on September 3, 2020.

57.     Upon information and belief, the arbitration took place in Missouri on September 3, 2020, and the arbitrator issued an arbitration award of $11,071,647.82 on September 9, 2020. The arbitration award is attached hereto as Exhibit J.

58.     Among its findings of fact and conclusions of law, the arbitration award applied the law of Missouri, Texas, and Oklahoma when determining which state's law applied to the wrongful death action, even though the accident occurred in the middle of Kansas. Notably, application of Kansas law would have resulted in the application of statutory damage caps and more limited categories of recoverable damages.

59.     At no point did Zurich or Amazon consent or agree to any of the aforementioned events leading up to the arbitration award. Zurich and Amazon did not even have notice or knowledge of those events, other than the letters dated June 23, 2020 and August 28, 2020.

60.     Leslie M. Henson filed a motion for confirmation of the arbitration award on September 18, 2020 in the Circuit Court of Jackson County, Missouri. A copy of this motion is attached as Exhibit K. The Circuit Court confirmed the award as a judgment entered on September 24, 2020. A copy of the Judgment is attached as Exhibit L. That matter has been appealed to the Court of Appeals for the Western District of Missouri. A copy of the Notice of Appeal is attached hereto as Exhibit M.

61.     The Henson Defendants have now filed a garnishment action against Zurich, with the cooperation of Lakew and Merob, through which the Henson Defendants seek to garnish the full Zurich policy limits, including the Amazon deductible. That action has been removed to this Court with Case Number 2:20-cv-4222-FJG.

62.     Due to the failure to provide prompt notice and failure to cooperate by Merob and the Hensons, and the entering into the agreements without the consent of Plaintiffs, the Plaintiffs

have been prejudiced in that they have lost the ability to defend their interests, investigate the claim, and assert defenses to liability and damages; if Zurich and Amazon had been afforded those opportunities, they would have been able to mitigate the damages assessed against Lakew and Merob to an amount significantly less than the arbitrator's award.

## COUNT I - DECLARATORY JUDGMENT
### Zurich and Amazon v. Lakew, Merob, and the Hensons

63.     Zurich and Amazon hereby incorporates and re-alleges each and every allegation set forth in Paragraphs 1 through 62, above.

64.     An actual case or controversy of a justiciable nature exists between Zurich and Amazon and the defendants concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

65.     The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

66.     All necessary and proper parties are before the Court with respect to the matters in controversy.

67.     Zurich and Amazon have no adequate remedy at law.

68.     As conditions precedent to coverage, the Policy requires that prompt notice of any claim, suit, or proceeding be provided to Zurich, and that anyone claiming coverage as an insured cooperate with Zurich and assume no obligation without Zurich's consent.

69.     Lakew and Merob materially breached these conditions precedent to coverage in a multitude of ways, including, but not limited to:

      a.     Failing to notify Zurich of the accident;

      b.     Failing to notify Zurich of the initial claim;

      c.     Entering into the non-execution agreement without Zurich's consent;

d.     Failing to notify Zurich of the non-execution agreement;

e.     Failing to notify Zurich of the wrongful death petition;

f.     Filing an answer to the wrongful death petition without consultation with Zurich and by omitting meritorious defenses that Zurich would have raised;

g.     Failing to notify Zurich of the answer to the wrongful death petition;

h.     Failing to notify Zurich of the motion to approve the non-execution agreement;

i.     Failing to notify Zurich of the court order approving the non-execution agreement;

j.     Entering into an arbitration agreement without Zurich's consent;

k.     Failing to notify Zurich of the arbitration agreement;

l.     Proceeding to arbitration without Zurich's consent;

m.     Failing to notify Zurich of the arbitration date; and

n.     Any other acts or omissions revealed during discovery in this case and further investigation.

70.     The aforementioned material breaches of the Policy's conditions precedent to coverage directly and proximately resulted in actual and substantial prejudice to Zurich and Amazon, including, but not limited to:

a.     An inability to investigate the accident;

b.     An inability to respond to and negotiate the initial claim and any initial demand;

c.     An inability to challenge jurisdiction and venue of Jackson County, Missouri in the wrongful death action;

d.  An inability to move to dismiss the wrongful death action on the bases of lack of personal jurisdiction and/or improper venue;

e.  An inability to develop facts concerning liability and damages in written discovery, depositions, and other discovery methods;

f.  An inability to challenge the applicability of the law of any state other than Kansas, the state of the accident, where statutory damage caps, limited wrongful death recovery, and other substantive defenses are available;

g.  An inability to try to case to a jury, or even a neutral arbitrator;

h.  An inability to participate in a trial, arbitration, or other proceeding, to develop evidence, cross-examine witnesses, or make arguments concerning liability and damages; and

i.  Any further ways revealed during further investigation of this matter.

71.  The $11,000,000+ arbitration award is a direct and proximate result of the prejudice suffered by Zurich and Amazon (pursuant to its deductible obligations under the Policy) as a direct and proximate result of Lakew's and Merob's breaches of the conditions precedent to coverage under the Policy.

72.  But for the aforementioned breaches of the conditions precedent to coverage under the Policy, Zurich and Amazon would have been able to control the defense and develop and assert defenses and arguments which would have resulted in a substantially lower award of damages.

73.  Since Merob and Lakew repeatedly materially breached the aforementioned conditions precedent to coverage under the Policy, and because Zurich and Amazon were actually and substantially prejudiced by those breaches, Zurich and Amazon owe no duty to indemnify Merob or Lakew for the arbitrator's award or any subsequent related judgment.

74.     Furthermore, since the arbitration award was the result of collusion on the part of all of the Defendants, as set forth above, the arbitration award cannot be binding upon Zurich or Amazon and collusion serves as an additional defense to coverage since public policy prohibits recovery under these circumstances.

WHEREFORE, Plaintiffs Zurich American Insurance Company and Amazon Logistics, Inc. respectfully request this Court to declare the rights and obligations of the parties under the Policy, and to enter judgment in favor of Zurich and Amazon, adjudging and declaring that there is no coverage for the underlying lawsuit or any of the damages alleged therein, that Zurich has no duty to indemnify Merob or Lakew for the arbitration award or any related judgment, and that Zurich and Amazon are entitled to such further relief as the Court deems just and proper under the circumstances.

## COUNT II – BREACH OF CONTRACT
### Amazon v. Merob

75.     Amazon hereby incorporates and re-alleges each and every allegation set forth in Paragraphs 1 through 74, above.

76.     Amazon's contract with Merob, the Relay Carrier Terms, prohibited Merob from consenting to the entry of a judgment or settle any claim without Amazon's prior written consent.

77.     Merob materially breached the contract by concealing the accident, claim, non-execution agreement, lawsuit, and arbitration from Amazon and participating in the same without Amazon's prior written consent.

78.     Amazon has suffered damages directly and proximately resulting from Merob's breach of contract, including, but not limited to, payment of the deductible under the Policy, attorneys' fees, and other costs.

WHEREFORE, Plaintiff Amazon Logistics, Inc. respectfully requests that the Court enter judgment in favor of Amazon and against Merob, awarding Amazon all damages to which it is entitled under the applicable law resulting from Merob's material breach of contract, and for such further relief as the Court deems just and proper under the circumstances.

## COUNT III – CONTRACTUAL INDEMNIFICATION
### Amazon v. Merob

79.     Amazon hereby incorporates and re-alleges each and every allegation set forth in Paragraphs 1 through 78, above.

80.     Amazon's contract with Merob, the Relay Carrier Terms, required Merob to indemnify and hold harmless Amazon from any third-party claim, liability, loss, damage, cost, or expense incurred by Amazon arising from or relating to the death of any person due to an act or omission of Merob or its personnel.

81.     Pursuant to the deductible provision in the Policy, Amazon has and will incur losses, damages, costs, and expenses arising from or relating to the death of Decedent, which has been claimed to have been due to the acts or omissions of Merob and its personnel Lakew.

82.     Amazon has suffered damages directly and proximately resulting from Merob's breach of contract and failure to indemnify Amazon, including, but not limited to, payment of the deductible under the Policy, attorneys' fees, and other costs.

WHEREFORE, Plaintiff Amazon Logistics, Inc. respectfully requests that the Court enter judgment in favor of Amazon and against Merob, awarding Amazon all damages to which it is entitled under the applicable law resulting from Merob's material breach of contract, and for such further relief as the Court deems just and proper under the circumstances.

## COUNT IV – BAD FAITH
### Amazon v. American Millennium

83.     Amazon hereby incorporates and re-alleges each and every allegation set forth in Paragraphs 1 through 82, above.

84.     Amazon was an additional insured under the insurance policy that American Millennium issued to Merob.

85.     As an additional insured, Amazon is owed a duty of good faith and fair dealing by American Millennium.

86.     American Millennium acted in bad faith toward the interests of Amazon in the following particulars:

      a.    Concealing the claim, non-execution agreement, lawsuit, and arbitration from Amazon;

      b.    Exhausting the policy limits without obtaining a release of Amazon, leaving Amazon exposed to judgment against its personal assets;

      c.    Placing its own interests ahead of Amazon's by seeking to get out of paying for defense costs at the expense of Amazon's ability to contest liability and damages which ultimately will cause Amazon to pay the deductible; and

      d.    Causing Merob to breach its contractual agreements with Amazon which prohibit Merob from consenting to the entry of a judgment or settle any claim without Amazon's prior written consent.

87.     As a direct and proximate result of American Millennium's bad faith toward its additional insured Amazon, Amazon has sustained damages in the form of having to pay its deductible, attorney fees, and other costs.

88.     American Millennium's bad faith toward its additional insured Amazon demonstrated a conscious disregard for the well-being of Amazon and its interests, thereby entitling Amazon to an award of punitive damages.

WHEREFORE, Plaintiff Amazon Logistics, Inc. respectfully requests that the Court enter judgment in favor of Amazon and against American Millennium, awarding Amazon all damages to which it is entitled under the applicable law resulting from American Millennium's bad faith handling of the insurance claims, including punitive damages and attorneys' fees, and for such further relief as the Court deems just and proper under the circumstances.

### COUNT V – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### Zurich v. American Millennium

89.     Zurich hereby incorporates and re-alleges each and every allegation set forth in Paragraphs 1 through 88, above.

90.     American Millennium issued to named insured Merob Logistics LLC and/or Uber Trucking LLC, a policy of insurance with policy number PMTUS3200148, with effective dates of June 20, 2019 to June 20, 2020 (hereafter, the "American Millennium Policy"). An uncertified copy of the American Millennium Policy is attached hereto as Exhibit N.

91.     The American Millennium Policy provides liability coverage to Merob Logistics, LLC, Tedros Lakew, and Amazon Logistics. Inc., for the accident involving Mr. Lakew and Leslie S. Henson on or about December 6, 2019, in Kansas and Amazon is an insured on the American Millennium policy for said accident.

92.     At the time, the Zurich Policy at issue in this litigation additionally provided liability coverage to Merob Logistics, LLC, Tedros Lakew and Amazon Logistics, Inc., for the same accident, subject to the terms, conditions and provisions of the Zurich Policy and provided

the insureds dutifully performed their duties under the Zurich policy's terms and conditions, including the notice and cooperation provisions in Count I.

93.     Additional excess liability coverage also existed for this loss by virtue of a separate $15,000,000.00 excess insurance policy issued to Amazon by Liberty Mutual, subject to the terms, conditions and provisions of said policy, which was available to American Millennium's insureds for this accident.

94.     While the Zurich Policy is "excess" to the American Millennium Policy with respect to the indemnity obligations owed by the insurers, pursuant to the terms, conditions and provisions of the policies, both American Millennium and Zurich were entitled to oversee and control the defense of the claims arising out of the accident occurring on or about December 6, 2019, in Kansas and both were "primary" policies of insurance with respect to these insurers' duty to defend.

95.     American Millennium was placed on notice of the loss and retained Counsel Byron Bowles and Alan Fogelman of the law firm McAnany, Van Cleave & Phillips, P.A.

96.     Despite being placed on notice of the loss and claims involving mutual insureds and despite the contractual obligations of its insured Merob Logistics, American Millennium and its insureds Merob Logistics and Tedros Lakew did not notify Zurich or Amazon of the loss/claim of the Henson Defendants, nor did American Millennium notify Zurich or Amazon that counsel was being retained by American Millennium.

97.     Instead, American Millennium agreed to exhaust its full $1,000,000.00 policy limit pursuant to a collusive Non-Execution Agreement signed by Merob Logistics, LLC, Tedros Lakew and the Henson Defendants in March and April of 2020.

98.     American Millennium did not notify Zurich or Amazon of the collusive Non Execution Agreement or that American Millennium's full policy limits were being exhausted to the exclusion of Amazon. Instead American Millennium and its counsel colluded with counsel for the Henson Defendants to enter into a collusive agreement that adversely affected its insured Amazon and co-insurer Zurich, despite American Millennium's duties to its insured Amazon and Zurich and in violation of the contractual obligations of Merob to Amazon.

99.     American Millennium did not notify Zurich or Amazon that pursuant to the collusive terms and conditions of the Non Execution Agreement, Lakew and Merob, by and through counsel retained by and paid for by American Millennium, were agreeing to waive defenses and legal rights available to them in direct violation of the terms, conditions and provisions of the Zurich policy.

100.     American Millennium, through the attorneys it retained, Lakew, Merob, the Henson Defendants and their attorneys all  knew of the contractual duties of Merob to Amazon and knew, should have known and had reason to know of the existence of the other insurers that had an interest in and afforded coverage for this accident including Zurich, subject to the terms, conditions and provisions of the Zurich Policy and provided the insureds dutifully performed their duties under the Zurich policy's terms and conditions, including the notice and cooperation provisions in Count I.

101.     Pursuant to the collusive terms of the Non-Execution Agreement, counsel retained by and paid for by American Millennium, Alan Fogelman and Byron Bowles, without notice to Zurich or Amazon, accepted service of process for Texas citizens Lakew and Merob of a wrongful death lawsuit filed against them in the Circuit Court of Jackson County, Missouri, with Case No. 2016-CV10652.

102.    Pursuant to the collusive terms of the Non-Execution Agreement, American Millennium's Counsel, without notice to Zurich or Amazon, filed an Answer in the name of Lakew and Merob in Jackson County Case No. 2016-CV10652.

103.    Pursuant to the collusive terms of the Non-Execution Agreement, American Millennium's Counsel, without notice to Zurich or Amazon, did not seek to remove the case to Federal Court or to have the case transferred to the United States District Court for the District of Kansas.

104.    Pursuant to the collusive terms of the Non-Execution Agreement, American Millennium's Counsel, without notice to Zurich or Amazon, expressly waived Lakew and Merob's defenses to jurisdiction and venue and expressly agreed that Jurisdiction and Venue were proper in Missouri Case No. 2016-CV10652, despite no party to the action being a Missouri citizen and despite the accident having occurred in the State of Kansas.

105.    Pursuant to the collusive terms of the Non-Execution Agreement, American Millennium's counsel, without notice to Zurich or Amazon, assisted with the filing of the necessary pleadings in Missouri Case No. 2016-CV10652 to secure Court approval of a wrongful death settlement incorporating therein the collusive terms and conditions of the Non-Execution Agreement.

106.    Pursuant to the collusive terms of the Non-Execution Agreement and having eliminated its obligation to pay future defense costs despite there being tens of millions of dollars in insurance coverage for the claims arising out of the accident at issue, subject to the terms, conditions and provisions of the Zurich Policy and provided the insureds dutifully performed their duties under the Zurich policy's terms and conditions, including the notice and cooperation

provisions in Count I, American Millennium thereafter consented to the withdrawal of its counsel from the litigation, without providing notice to Zurich or Amazon.

107. By virtue of having entered into the collusive non execution agreement to the detriment of Zurich and co-insured Amazon and without providing them notice, American Millennium's intent was to avoid incurring ongoing costs of defending the interest of its insureds including Merob, Lakew and Amazon.

108. By the time American Millennium's counsel withdrew from the litigation, American Millennium paid its full $1,000,000.00 policy limit while leaving multiple insureds exposed to significant claims arising out of the accident at issue and waiving defenses that could have and would have been raised by Zurich and Amazon had those entities timely been provided notice by American Millennium.

109. Zurich and American Millennium insured similar parties and risks such that American Millennium, the insurer having received notice of the claims and litigation at issue, owed Zurich duties, including the duty of good faith and fair dealing as to matters involving the parties' mutual insureds and risks covered by both policies, subject to the terms, conditions and provisions of the Zurich Policy and provided the insureds dutifully performed their duties under the Zurich policy's terms and conditions, including the notice and cooperation provisions in Count I..

110. American Millennium materially breached the duties owed to Zurich in a multitude of ways, including, but not limited to:

    a.    Failing to notify Zurich or Amazon of the accident/claim of the Hensons;

    b.    Failing to notify Zurich or Amazon of the initial claim of the Hensons;

c.      Allowing, encouraging and arranging for mutual insureds to enter into the non-execution agreement without Zurich's consent or notice to Zurich or Amazon that such action was occurring;

d.      Failing to notify Zurich or Amazon of American Millennium's policy limits payment in conjunction with the non-execution agreement;

e.      Failing to notify Zurich or Amazon of the wrongful death litigation filed in Missouri State Court;

f.      Failing to notify Zurich or Amazon of the retention of counsel;

g.      Failing to notify Zurich or Amazon that American Millennium's counsel was agreeing to accept service of the lawsuit and was filing an Answer whereby Lakew and Merob, with the consent of American Millennium, were intentionally waiving meritorious defenses that Zurich would have been entitled to raise pursuant to the terms, conditions and provision of the Zurich policy and provided the insureds dutifully performed their duties under the Zurich policy's terms and conditions, including the notice and cooperation provisions in Count I.;

h      Failing to notify Zurich or Amazon of the motion to approve the non-execution agreement and the efforts by American Millennium's counsel to see that the agreement obtained court approval;

i.      Failing to notify Zurich or Amazon of the court order approving the non-execution agreement;

j.     Failing to notify Zurich or Amazon that American Millennium's counsel was withdrawing from the litigation despite the known existence of tens of millions of dollars in insurance being available for the claim at issue;

k.     Failing to notify Zurich or Amazon that Lakew and Merob were entering into an arbitration agreement prior to the formal withdrawal of American Millennium's counsel;

l.     Any other acts or omissions revealed during discovery in this case and further investigation.

111.    The aforementioned material breaches of the duties American Millennium owed to Zurich, directly and proximately resulted in actual and substantial prejudice to Zurich, including, but not limited to:

a.     The inability to investigate the accident/claim of the Hensons;

b.     The inability to respond to and negotiate the initial claim and any initial demand;

c.     The inability to timely enforce the terms, conditions and provisions of the Zurich Policy and specifically to ensure that the insurers' mutual insureds challenged jurisdiction and venue in the wrongful death action;

d.     The inability to timely enforce the terms, conditions and provisions of the Zurich Policy and specifically to ensure that the insurers' mutual insureds moved to dismiss the wrongful death action on the bases of lack of personal jurisdiction and/or improper venue;

e.     The inability to timely enforce the terms, conditions and provisions of the Zurich Policy and specifically to ensure that the wrongful death claim at

issue against the insurers' mutual insureds was litigated in the appropriate venue and that the laws of the appropriate venue were applied to the dispute.

f. The inability to timely enforce the terms, conditions and provisions of the Zurich Policy and specifically to ensure that the insurers' mutual insureds developed all relevant facts concerning liability and damages in written discovery, depositions, and other discovery methods;

g. The inability to timely enforce the terms, conditions and provisions of the Zurich Policy and specifically to ensure challenges were adequately raised as to the applicability of the law of any state other than Kansas, the state of the accident, where statutory damage caps, limited wrongful death recovery, and other substantive defenses are available;

h. The inability to timely enforce the terms, conditions and provisions of the Zurich Policy and specifically to ensure that the claims at issue were tried to a jury, or even a neutral arbitrator;

i. The inability to timely enforce the terms, conditions and provisions of the Zurich Policy and specifically to ensure full and proper participation in a trial, arbitration, or other proceeding, to develop evidence, cross-examine witnesses, or make arguments concerning liability and damages; and

j. Any further ways revealed during further investigation of this matter.

112. Zurich is now being called upon to pay on behalf of Merob and Lakew the sum of $10,000,000.00 due to American Millennium's breaches outlined herein and as a result of the collusive agreement entered into without the knowledge of either Zurich of Amazon.

113. But for the aforementioned breaches of duties owed by American Millennium to Zurich, Zurich would have been able to control the defense and develop and assert defenses and arguments in the appropriate venue which would have resulted in a substantially lower award of damages, assuming such damages would have even exceeded the limits of the American Millennium policy in the first place.

114. The $10,000,000.00 sum now being sought from Zurich should be paid by American Millennium, should such payments be required to be made by anyone, due to the breaches of the duties American Millennium owed to Zurich and the prejudicial damages sustained by Zurich as a result thereof.

115. American Millennium's intentional breach of duties owed to Zurich demonstrated a conscious disregard for the well-being of Zurich and its interests, thereby entitling Zurich to an award of punitive damages.

WHEREFORE, Plaintiff Zurich American Insurance Company respectfully requests that the Court enter judgment in favor of Zurich and against American Millennium, awarding Zurich all damages to which it is entitled under the applicable law resulting from American Millennium's material breach of duties owed to Zurich, including punitive damages, costs and attorneys' fees, and for such further relief as the Court deems just and proper under the circumstances.

## COUNT VI – EQUITABLE SUBROGATION
### Zurich v. American Millennium

116. Zurich hereby incorporates and re-alleges each and every allegation set forth in Paragraphs 1 through 115, above.

117. Zurich's insured, Amazon, was also an insured under the American Millennium policy.

118. As an insured, Amazon is owed a duty of good faith and fair dealing by American Millennium.

119. American Millennium acted in bad faith toward the interests of Amazon in the following particulars:

      a.      Concealing the claim, non-execution agreement, lawsuit, and arbitration from Amazon;

      b.      Exhausting the policy limits without obtaining a release of Amazon, leaving Amazon exposed to judgment against its personal assets;

      c.      Placing its own interests ahead of Amazon's by seeking to get out of paying for defense costs at the expense of Amazon's ability to contest liability and damages which ultimately will cause Amazon to pay the deductible; and

      d.      Causing Merob to breach its contractual agreements with Amazon which prohibit Merob from consenting to the entry of a judgment or settle any claim without Amazon's prior written consent.

120. As a direct and proximate result of American Millennium's bad faith toward its mutual insured, Amazon, Zurich has sustained damages in that the Henson Defendants now seek to garnish from Zurich the sum of $10,000,000.00, which includes a deductible owed by the insurer's mutual insured, Amazon, in the amount of $8,000,000.00.

121. The $10,000,000.00 sum now being sought from Zurich and Amazon should be paid by American Millennium, should such payments be required to be made by anyone, due to American Millennium's bad faith and the damages sustained by Zurich and Amazon as a result thereof.

WHEREFORE, Plaintiff Zurich American Insurance Company respectfully requests that the Court enter judgment in favor of Zurich and against American Millennium, awarding Zurich all damages to which it is entitled under the applicable law resulting from American Millennium's bad faith actions directed at Zurich's mutual insured and Zurich's damages resulting therefrom, and for such further relief as the Court deems just and proper under the circumstances

Respectfully submitted,

/s/ Russell F. Watters
Russell F. Watters, MO #25758
T. Michael Ward, MO #32816
Lucas J. Ude, MO #66288
Joseph P. Krispin, MO #69181
Brown & James, P.C.
800 Market Street, Ste. 1100
Saint Louis, Missouri 63101
314-421-3400
314-421-3128 (fax)
rwatters@bjpc.com
mward@bjpc.com
lude@bjpc.com
jkrispin@bjpc.com
*Attorneys for Plaintiff Zurich*

/s/ Selena J. Linde
Selena J. Linde, DC # 462061
Perkins Cole
700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960
202-654-6200
202-654-9952 (fax
slinde@perkinscole.com
*Attorneys for Plaintiff Amazon*

/s/ John W. Grimm
John W. Grimm, MO #34834
The Limbaugh Firm
407 N. Kingshighway
Suite #400

Cape Girardeau, MO 63701
573-335-3316
573-335-0621 (fax)
jgrimm@limbaughlaw.com
*Attorneys for Plaintiff Amazon*

## CERITFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system this 24th day of February, 2021, to all counsel of record.

/s/ *Russell F. Watters*_____ _____

#24980556.1